HONORABLE FRED L. VAN SICKLE

JAMES S. CRAVEN
City Attorney
ROCCO N. TREPPIEDI
Assistant City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
SPOKANE, WA  99201-3326
Telephone: (509)625-6225
Fax:(509)625-6277

Attorneys for City of Spokane Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY ROE, as Guardian and JANE DOE, a Minor,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF SPOKANE, WASHINGTON, a Municipal Corporation, including its Fire Department and its Police Department; DANIEL ROSS and JANE DOE ROSS, husband and wife; DETECTIVE NEIL GALLION, SGT. JOE PETERSON; AND JOHN AND JANE DOES, 1-10, husbands and wives,<br><br>　　　　　　　　Defendants. | NO. CV-06-357-FVS<br><br><br><br>AGREED PROTECTIVE ORDER |

　　　This matter having come before the Court on the stipulation of plaintiffs and defendants for a protective order relating to matters of discovery in the above case, and the Court being fully advised, now, therefore,

AGREED PROTECTIVE ORDER - 1

JAMES S. CRAVEN, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

IT IS HEREBY ORDERED that from the date of this Order all parties and attorneys shall abide by the following conditions relating to documents between the parties in this case:

A.  The term "confidential material" as used herein, shall mean:

(1)  The Spokane Police Department's Internal Affairs files that relate to an investigation of Spokane Police Officers' conduct during an event or events that relate to factual allegations made by plaintiffs in their complaint for damages and/or the defenses asserted by the defendants herein;

(2)  any and all Spokane Police Department and any other law enforcement agency's records and reports that relate to either of the plaintiffs and/or the defenses asserted by the defendants herein;

(3)  The personnel files and training records of the defendants' employees; and

(4)  The school records, medical records, and any and all counseling records of the plaintiffs.

Further, "confidential material" shall include that portion of any responses by the parties to Interrogatories by the parties, Requests for Production by the parties, Requests for Admissions by the parties, depositions of the parties, their agents, employees, and retained expert witnesses and consultants, and depositions of any witness that relate to the material listed in this paragraph.

B.  The term "documents" as used herein is intended to encompass both the tangible and intangible items on which information is recorded (including information printed on paper and any form of magnetic storage media or method

AGREED PROTECTIVE ORDER - 2

JAMES S. CRAVEN, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

and all other physical things) and electronically-stored information (including, but not limited to, ROM, firmware, hard-drive memory, programmable, arrays and all other media).

C.   Confidential material shall hereafter be used solely by the parties for the purpose of conducting this litigation and not for any other purpose without order of the Court or written consent of the parties or their counsel.

D.   For purpose of conducting this litigation, confidential material may be used by and disclosed only to the following persons:

(1)   The attorneys working on this action on behalf of either party and their employees;

(2)   The parties, their representatives and their employees with knowledge of the matters which form the basis of this litigation;

(3)   Any person, including expert witnesses and consultants, who is expressly retained by any attorney or party described in paragraphs (1) and (2) above, to assist in the preparation of this action for trial, whether or not their testimony is to be used at trial;

(4)   Witnesses having knowledge of the writings or documents and matters disclosed therein; and

(5)   The Court.

E.   Any person who makes disclosure of confidential material under paragraph C of this Order shall advise each person to whom disclosure is made concerning the terms of this Protective Order and obtain a signed

AGREED PROTECTIVE ORDER - 3

JAMES S. CRAVEN, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

acknowledgement from each such person that he/she will comply with the terms of the Order.

F. The persons described in subparagraphs (1) through (5) of Paragraph D above are enjoined from disclosing confidential materials or the substance thereof to any other person except in conformance with this Order and the laws relating to public disclosure.

G. If a party chooses to challenge the designation by another party of information as "Confidential," then it shall notify the designating party in writing. Counsel will meet and confer in good faith to resolve the dispute. If they cannot resolve it, the objecting party shall have 14 days from the date of the conference to make a motion to the Court requesting that confidentiality of the designated information be denied. The designating party shall bear the burden of persuasion that the designated information is "Confidential." The failure of the objecting party to so move within 14 days after the conference shall operate as a waiver of the objection to the confidential designation of the challenged material. No disclosure of any information whose confidentiality is disputed shall be made until the Court issues a ruling permitting such disclosure, or the party claiming confidentiality withdraws that claim in writing.

H. Neither this Stipulation nor anything contained herein shall prevent or prejudice the right of any party to apply to the Court for an Order striking the designation of confidentiality and removing documents, writings or information from the restrictions contained in this Order. Any party may apply to the Court for

AGREED PROTECTIVE ORDER - 4

JAMES S. CRAVEN, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

an Order modifying this Order or imposing additional restrictions upon the use of confidential material.

I. Subject to further order of the Court, any confidential material submitted or presented to or filed with the Court shall be filed under seal. Any confidential information filed under seal pursuant to this order shall state "Sealed Pursuant to Protective Order" in the heading.

J. Disclosure of Privileged Materials:

(1) The inadvertent production by one party to another, in discovery in this action, of any document entitled to protection under the attorney-client privilege or the attorney work-product doctrine shall not constitute a waiver of such privilege as to the subject matter of the document or as to related documents or communications.

(2) If during discovery any non-party or party inadvertently produces to another party a document entitled to protection under the attorney-client privilege or the attorney work-product doctrine, the producing party may, at any time prior to the commencement of trial, request the return of the document. Such a request must be made in writing and must identify the basis for the privilege claimed.

(3) If all parties that received the document agree that it is privileged (without regard to its production during discovery), then the document and all copies promptly shall be returned to the producing party or destroyed, and no

AGREED PROTECTIVE ORDER - 5

**OFFICE OF THE CITY ATTORNEY**
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

**JAMES S. CRAVEN, City Attorney**

reference to such document shall be made in connection with the proof of the facts in this dispute.

(4)  If any party that received the document does not agree that the document was privileged, then it shall so notify the producing party, in writing, within five court days of receiving written notice of the asserted privilege.  In such event, the producing party shall bear the burden of persuasion that the document is in fact privileged and was inadvertently produced.  Unless the parties otherwise agree in writing, any such motion must be made within five court days of notification to the producing party that the recipient or recipients of the document dispute the claim of privilege.

(5)  If the Court rules that the document is privileged (without regard to the fact of production in the course of discovery), then the parties that received the document shall promptly return the document and all known copies to the producing party (except that counsel may retain copies as needed for the sole purpose of seeking reconsideration or appellate review of the Court's ruling on the question of privilege) and shall make no reference to the document in connection with the proof of the facts in this case, unless such ruling is reversed.

(6)  If the Court rules that the document is not privileged, or if no motion is made within the time provided in the foregoing subparagraph (J.4) of this Order or such further time as the parties may agree on in writing, then the document and its content shall be regarded as not privileged for all purposes in this litigation.  In no event, however, shall the inadvertent production of the document in this

AGREED PROTECTIVE ORDER - 6

JAMES S. CRAVEN, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

litigation constitute a general waiver of any privilege or claim of confidentiality as to the subject matter of the document or as to related documents or materials.

  K. Use during trial of any confidential material or information covered by this Order shall be determined by the Judge assigned to preside over pretrial matters and trial in this case.

  L. At the conclusion of this matter all copies of any confidential materials produced by the plaintiffs shall be returned to the plaintiffs' attorney and all copies of any materials produced by the defendants shall be returned to the attorneys for the defendants.

  M. Any disclosure beyond the above limitations shall require a written agreement between the parties or their counsel, or in the event of no agreement, further Order of the Court as described in Paragraph F.

  N. Violation of the terms of the Order shall be deemed contempt of court. Penalty for said contempt may include but not be limited to financial terms, exclusion from evidence of the confidential material that was disclosed in violation of the order, and the dismissal with prejudice of the offending party's cause of action or defense, and/or any other term deemed appropriate by the Court.

DATED this 18th day of June, 2007.

s/ Fred Van Sickle
FRED VAN SICKLE
UNITED STATES DISTRICT JUDGE

AGREED PROTECTIVE ORDER - 7

JAMES S. CRAVEN, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277