UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARY ROE, as Guardian for JANE
DOE,

                Plaintiffs,

        v.

CITY OF SPOKANE, WASHINGTON, a
municipal corporation, including
its Fire Department and its
Police Department; DANIEL ROSS
and JANE DOE ROSS, husband and
wife; DETECTIVE NEIL GALLION,
SGT. JOE PETERSON; and JOHN AND
JANE DOES 1-10, husbands and
wives,

                Defendants.

No. CV-06-0357-FVS

ORDER DENYING PLAINTIFFS'
MOTIONS FOR RECONSIDERATION

**THIS MATTER** comes before the Court on Plaintiffs' September 19, 2008 motion for reconsideration of the Court's entry of summary judgment dismissing Plaintiffs' causes of action against the City Defendants as well as the state law claim of sexual exploitation of a minor against Defendant Ross. (Ct. Rec. 425). In the alternative, Plaintiffs request that the Court certify the matter for interlocutory review pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292. Also before the Court is Plaintiffs' second motion for reconsideration filed on October 10, 2008. (Ct. Rec. 435). Plaintiffs request relief, pursuant to Fed. R. Civ. P. 60(b)(2) & 60(b)(3), based upon newly discovered evidence. *Id.* Plaintiffs are represented by Greg M.

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 1

1 Devlin, J. Scott Miller, and Ernst D. Greco.  Defendants, Daniel and

2 Jane Doe Ross, are represented by Christian J. Phelps.  The City of

3 Spokane and the remaining Defendants are represented by Rocco N.

4 Treppiedi.

5 **BACKGROUND**

6 Following this Court's July 9, 2008 ruling on Defendants' motions

7 to dismiss (Ct. Rec. 262), Plaintiffs remaining 42 U.S.C. § 1983

8 claims alleged that Defendant Daniel Ross, under color of law,

9 infringed upon their constitutional rights by sexually assaulting Jane

10 Doe, and that the City Defendants' failure to supervise Mr. Ross

11 resulted in the sexual assault.  They further alleged that Detective

12 Gallion and Sergeant Peterson ("the officers") deprived Plaintiffs of

13 their right to equal protection under the law by deleting digital

14 photographs of the alleged sexual assault.  Plaintiffs also continued

15 to seek recovery under state law theories of assault and battery,

16 sexual exploitation of a minor, negligent infliction of emotional

17 distress and outrage with respect to Mr. Ross, negligent supervision

18 of Mr. Ross with respect to the City of Spokane ("the City"), and

19 outrage with respect to the conduct of the officers.

20 The City Defendants moved for summary judgment on all of

21 Plaintiffs' remaining claims.  (Ct. Rec. 278, 279).  Mr. Ross joined

22 in the City Defendants' motions for summary judgment and filed

23 separate motions for summary judgment on all of Plaintiffs' remaining

24 claims against him.  (Ct. Rec. 285, 293, 295).  Plaintiffs moved for

25 partial summary judgment on their remaining Section 1983 claims.  (Ct.

26 Rec. 299).

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 2

On September 5, 2008, the Court issued its order on the summary judgment motions. (Ct. Rec. 412).  The Court determined that the City Defendants were entitled to summary judgment on Plaintiffs' remaining federal and state causes of action.  The Court found that the facts do not show, under federal law, that a City policy or custom or the City's hiring, training or supervision program caused Ms. Doe to be subjected to an alleged sexual assault.  In addition, the Court concluded that the officers did not single out Ms. Doe or treat her differently from others similarly situated.

Under Washington State law, the Court found that the City was entitled to summary judgment on Plaintiffs' claim of negligent supervision, and summary judgment was proper on Plaintiffs' outrage claim against the officers.  The Court thus dismissed all federal and state claims remaining against the City of Spokane, Detective Neil Gallion, Sergeant Joe Peterson and John and Jane Does, 1-10, husbands and wives.

With respect to Mr. Ross, the Court dismissed Plaintiffs' sexual exploitation of a minor claim.  However, the Court found that Plaintiffs' federal claim with respect to the conduct of Mr. Ross as well as the state law claims against Mr. Ross for assault and battery, negligent infliction of emotional distress and outrage remained viable.

Plaintiffs filed a motion for reconsideration of the Court's order on September 19, 2008.  (Ct. Rec. 425).  The City Defendants filed a reply in opposition on October 8, 2008. (Ct. Rec. 433).  Plaintiffs filed a reply on October 10, 2008.  (Ct. Rec. 434).  Also

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 3

on October 10, 2008, Plaintiffs filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(2) & 60(b)(3), based upon newly discovered evidence. (Ct. Rec. 435).

**DISCUSSION**

**I.    Standard of Review**

The Federal Rules of Civil Procedure do not mention a "motion for reconsideration." Even so, a motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of judgment. *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a Rule 60(b) motion. *See, United States v. Clark*, 984 F.2d 31, 34 (2nd Cir. 1993).

Under Rule 59(e), reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, OR v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). It is within the Court's discretion to reconsider its order. *Id.* Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Here, Plaintiffs moved for reconsideration, pursuant to Fed. R. Civ. P. 59(e) and 60(b) within ten days of the Court's challenged order (Ct. Rec. 425) and later moved for reconsideration pursuant to

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 4

Fed. R. Civ. P. 60(b)(2) and (3) (Ct. Rec. 435).  The Court will exercise it discretion and reconsider its order on the parties' motions for summary judgment (Ct. Rec. 412) under both Fed. R. Civ. P. 59(e) and 60(b).

**II.  Plaintiffs' First Motion for Reconsideration**

Defendants seek reconsideration of the Court's Order on the following grounds: (1) errors of fact with respect to Plaintiffs' equal protection claim, (2) error of law as to Plaintiffs' Section 1983 claim against the City Defendants, (3) error of law regarding the Court's interpretation of Plaintiffs' right to recovery for sexual exploitation of a minor, and (4) error by dismissing Plaintiffs' outrage claim against the officers.  (Ct. Rec. 426).  Plaintiffs have failed to present newly-discovered evidence to warrant reconsideration, and are not contending that there has been an intervening change in controlling law.  Plaintiffs essentially argue that there are clear errors of fact and law and that the judgment should be corrected to prevent manifest injustice.

**A.  Errors of Fact**

Plaintiffs assert that the dismissal of the City Defendants resulted in manifest injustice as a result of errors of fact by the Court.  (Ct. Rec. 426 at 2).  Specifically, Plaintiffs argue that there was evidence Ms. Doe was treated differently than other similarly situated victims, and the Court incorrectly gave weight to the testimony of the officers as to their motive for destroying the digital photographs.  (*Id*. at 2-6).

///

In order to succeed upon an equal protection claim, a plaintiff must prove that he or she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *The Fishing Co. of Ala. v. United States*, 195 F. Supp. 2d 1239, 1254 (W.D. Wash. 2002) (internal citation and quotation marks omitted).

As determined by the Court, not only does it appear the officers had a rational basis for directing that the digital pictures be deleted in this case, the facts and evidence demonstrate that Plaintiffs were not intentionally treated differently from others similarly situated.  (Ct. Rec. 412).

The facts demonstrate the officers were not aware that the digital photographs were evidence of a crime and subject to seizure. The deletion of the digital pictures was based on a mistaken belief of the law at the time, and negligent destruction of the evidence is not enough to support a claim under § 1983.  Plaintiffs, in fact, conceded that the officers had "an inaccurate and incomplete understanding of Washington statutes regarding sexual exploitation of a minor . . . ." (Ct. Rec. 325 at 16).  Directing that the digital photographs be deleted was consistent with Det. Gallion's understanding of the law at that time, not based on the identity of the alleged victim.  Det. Gallion did not single out Ms. Doe.  Accordingly, it was proper for the Court to conclude that, regardless of whom the alleged victim was at the time, Det. Gallion's actions would have been the same.

The undisputed facts demonstrate that the actions of the officers were not in violation of Ms. Doe's right to equal protection.

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 6

Contrary to Plaintiffs' assertions, the Court did not commit errors of fact. Plaintiffs' motion for reconsideration with respect to this claim is denied.

**B.   Errors of Law**

    **1.   Section 1983 - - The City**

Plaintiffs assert that the Court erroneously concluded that the City did not deprive Plaintiffs of constitutional rights. (Ct. Rec. 426 at 9). Plaintiffs argue that, contrary to the Court's findings, the City had policies, practices and customs in place both with respect to Defendant Ross and the City police department that were the moving force that deprived Plaintiffs of their rights. (*Id*. at 9-11).

To establish liability against the City, Plaintiffs had to show that (1) an employee of the City violated Plaintiffs' rights; (2) the City had customs or policies that amounted to deliberate indifference; and (3) these policies were the moving force behind the employee's violation of Plaintiffs' constitutional rights, in the sense that the City could have prevented the violation with an appropriate policy. *Gibson v. County of Washoe*, 290 F.3d 1175, 1194 (9th Cir. 2002). A municipality's failure to properly hire, train or supervise an employee who has caused a constitutional violation can be the basis for § 1983 liability where the inaction amounts to the deliberate indifference to the rights of persons with whom the employee comes into contact. *Canton v. Harris*, 489 U.S. 378, 388 (1989).

Here, the Court correctly determined that Mr. Ross' alleged actions were entirely inconsistent with his training as a fire fighter for the City. It was against City policy for Mr. Ross to view a

pornographic website, have sex in the fire station or commit an assault.  Mr. Ross' alleged conduct was contrary to City policy and procedure.

There was additionally no showing of deficiencies with the hiring, training or supervision of Mr. Ross.  Mr. Ross' history did not suggest he had a propensity to commit a sexual assault.  Mr. Ross had been a satisfactory employee for approximately 15 years.  He did not have a disciplinary or behavioral record which would indicate a concern that his behavior would be violative of City policy and procedure.

There was also no way for the City to know about Mr. Ross' relationship with Ms. Doe or to foresee that Mr. Ross would violate City policy by having a sexual encounter at a fire station.  All of Mr. Ross' communications with Ms. Doe were made on his personal equipment.  Mr. Ross never contacted Ms. Doe through any City computer or internet connection, nor did Ms. Doe contact Mr. Ross in that manner.  It is undisputed that Mr. Ross inappropriately viewed a pornographic website a number of times while on duty at the fire station.  However, even if the City had prior knowledge that Mr. Ross was viewing the adult website while on duty, there was no showing of a nexus between the viewing of this website and an inclination to commit a sexual assault.

The undisputed facts demonstrate that neither a City policy or custom, nor the City's hiring, training or supervision program caused Ms. Doe to be subjected to the alleged sexual assault.  No error of law was committed by the Court with respect to this claim.

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 8

Plaintiffs' motion for reconsideration as to their Section 1983 claim against the City is denied.

### 2. Sexual Exploitation of a Minor Claim

Plaintiffs contend the Court erred by finding the Washington State criminal statute for Sexual Exploitation of a Minor inapplicable in this case. (Ct. Rec. 426 at 12-14). Plaintiffs argue that the Court's interpretation of the statute inappropriately "forces a reading that adds the language 'prosecution' or 'charge' or 'conviction' in place of violation." (*Id*. at 13). Plaintiffs allege that a conviction is not necessary to satisfy the condition that a "violation" occurred. (*Id*. at 14).

The crime of sexual exploitation of a minor is established by showing that a person (1) compels a minor by threat or force to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance, (2) aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance, or (3) being a parent, legal guardian, or person having custody or control of a minor, permits the minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance. RCW 9.68A.040.

There is no case law establishing a right to recovery in a civil lawsuit under the criminal statute RCW 9.68A where no criminal violations have been pursued. Plaintiffs cite in their motion for reconsideration a Western District of Washington case, *J.C. v. Society of Jesus*, 457 F. Supp. 2d 1201 (W.D. Wash. 2006), as support for their

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 9

claim that the criminal statute may be applied in this matter.
However, in *J.C.*, the Western District specifically declined to decide
whether the statute applied in that action.  *Id*. at 1205.  The Court
merely reserved ruling on the applicability of RCW § 9.68A.130 to the
case.  *Id*.

Here, the Court did not determine that the crime of sexual
exploitation of a minor could never be applied in a civil matter.  To
the contrary, the Court explicitly found that "it appears that the
statute contemplates a right to recovery in a civil action for a
violation of the criminal statute . . . ."  (Ct. Rec. 412 at 25).
This Court, however, properly concluded that although it appears that
the statute contemplates a right to recovery in a civil action for a
violation of the criminal statute, Plaintiffs failed to show a right
to recovery on a claim of sexual exploitation of a minor "based on the
facts of this case."  Plaintiffs allegation of an error of law with
respect to this claim is without merit.  Plaintiffs' motion for
reconsideration as to their claim against Defendant Ross for sexual
exploitation of a minor is denied.

### 3.    Outrage Claim

Plaintiffs contend that reasonable inferences drawn from the
evidence "show that, at a minimum, the officers recklessly and
intentionally disregarded the high probability that their actions in
deleting the photos, threatening Jane Doe for filing a false police
report, and bullying a sexual assault victim to the point of tears"
caused severe distress.  (Ct. Rec. 426 at 15).
///

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 10

The tort of outrage has three elements in the state of Washington. *Orin v. Barclay*, 272 F.3d 1207, 1219 (9th Cir. 2001). First, the plaintiff must demonstrate that the defendant engaged in "extreme and outrageous" conduct. Second, the plaintiff must prove that the defendant intentionally or recklessly inflicted emotional distress on the plaintiff. Third, the plaintiff must prove that the defendant's actions actually resulted in "severe emotional distress." *Id*. Conduct is outrageous when it is "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 85 Wash. 2d 52, 59, 530 P.2d 291, 295 (Wash. 1975).

Here, the facts demonstrate that the officers' direction to Mr. Ross to delete the digital pictures was based on a mistaken belief of the law at the time. Plaintiffs do not dispute that the officers had "an inaccurate and incomplete understanding of Washington statutes regarding sexual exploitation of a minor . . . ." (Ct. Rec. 325 at 16). It is undisputed that the officers were not aware that the digital pictures were evidence of a crime and thus subject to seizure. Accordingly, Plaintiffs are not able to show more than negligence on behalf of the officers, and mere negligence is not enough to establish outrage. *Fisher v. State ex rel. Dept. of Health*, 125 Wn.App. 869, 881, 106 P.3d 836, 841 (2005) (trial court properly dismissed plaintiff's claim for outrage where evidence revealed, at worst, negligence on the part of government agents). Therefore, even without considering the dearth of sufficient evidence regarding Ms. Doe's subsequent emotional distress and its connection to the acts of the

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 11

officers, the undisputed facts demonstrate that the conduct of Detective Gallion and Sergeant Peterson was not outrageous. Plaintiffs allegation of an error of law with respect to this claim is without merit.  Plaintiffs' motion for reconsideration on their outrage claim against the officers is denied.

### C.    Certification for Interlocutory Review

Plaintiffs request, in the alternative, that the Court certify this matter for interlocutory review pursuant to Fed. R. Civ. P. 54(b).  (Ct. Rec. 426 at 18).  The City Defendants do not object to the certification for interlocutory review pursuant to Rule 54(b). (Ct. Rec. 433 at 5).

Rule 54(b) authorizes courts to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" if there is "no just reason for delay" in entering judgment. Fed. R. Civ. P. 54(b).  "Rule 54(b) certification is proper if it will aid expeditious decision of the case . . . ."  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991).  "The Rule 54(b) claims do not have to be separate from and independent of the remaining claims." *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987).  "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Ponsoldt*, 939 F.2d at 798 (*quoting Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466 (1980)) (internal punctuation omitted).  The Court must focus on legal and factual "severability and efficient judicial administration." *Continental Airlines, Inc. v. Goodyear Tire & Rubber*

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 12

1  *Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

2      Here, the possibility of two trials, one against Defendant Ross

3  and possibly one against the City Defendants should Plaintiffs prevail

4  on appeal, would waste judicial resources as well as the resources of

5  the parties and their counsel.  *Matek v. Murat*, 638 F. Supp. 775, 784

6  (C.D. Cal. 1986) (stay of proceedings pending Rule 54(b) appeal

7  appropriate if efficiency and fairness are served).  Accordingly, the

8  Court grants Plaintiffs' motion, under Rule 54(b), for the

9  interlocutory appeal of this Court's order (Ct. Rec. 412).

10      **D.   Certify for Immediate Appeal**

11      Plaintiffs also request that the Court certify the matter for

12  immediate appeal pursuant to 28 U.S.C. § 1292(b).  (Ct. Rec. 426 at

13  19).  Section 1292(b) of Title 28 of the United State Code provides,

14  in pertinent part:

15          "When a district judge, in making in a civil action an order not
            otherwise appealable under this section, shall be of the opinion
16          that such order involves a controlling question of law as to
            which there is substantial ground for difference of opinion and
17          that an immediate appeal from the order may materially advance
            the ultimate termination of the litigation, he shall so state in
18          writing in such order.  The Court of Appeals . . . may thereupon,
            in its discretion, permit an appeal to be taken from such order .
19          . . ."

20  "[Section] 1292(b) acts as a safety valve for serious legal questions

21  taking the case out of the ordinary run."  *Kennedy v. Bell Helicopter*

22  *Textron, Inc.*, 283 F.3d 1107, 1116 (9th Cir. 2002).  Certification for

23  appeal under § 1292(b) is appropriate on an issue "raising an

24  important and unsettled question of law whose disposition will advance

25  the ongoing proceedings."  *James v. Price Stern Sloan, Inc.*, 283 F.3d

26  1064, 1067 (9th Cir. 2002).

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 13

Plaintiffs must meet three requirements in order to prosecute an interlocutory appeal.  First, the decision they seek to appeal must involve a "controlling question of law."  28 U.S.C. § 1292(b).  Second, there must be "substantial ground for difference of opinion" concerning the question.  Third, an immediate appeal must "materially advance the ultimate termination of the litigation."

Here, it is appropriate to address only the second requirement, namely, whether there is "substantial ground for difference of opinion."  Plaintiff indicates that the difference of opinion between this Court and that of the Western District of Washington with respect to a civil claim under title 9.68A RCW provides a basis for an immediate appeal under 28 U.S.C. § 1292(b).  However, as noted above, in *J.C.*, the Western District specifically declined to decide and, instead, reserved ruling on, the applicability of RCW § 9.68A.130 to the action.  457 F. Supp. 2d at 1205.  Moreover, this Court's ruling reflects that Plaintiffs failed to demonstrate a right to recovery on a claim of sexual exploitation of a minor "based on the facts of this case."  The Court did not conclude that the crime of sexual exploitation of a minor could never be applied in civil matters.  To the contrary, the Court explicitly found that "it appears that the statute contemplates a right to recovery in a civil action for a violation of the criminal statute . . . ."  (Ct. Rec. 412 at 25).  Consequently, Plaintiffs have failed to demonstrate a "substantial ground for difference of opinion" with respect to this issue.  The Court thus denies Plaintiff's motion for the certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292.

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 14

**III.  Plaintiffs' Second Motion for Reconsideration**

On October 10, 2008, Plaintiffs filed an additional motion for reconsideration.  (Ct. Rec. 435).  Plaintiffs requested relief, pursuant to Fed. R. Civ. P. 60(b)(2) & 60(b)(3), based upon newly discovered evidence.  *Id*.  The newly discovered evidence Plaintiffs cite is allegations that Daniel Ross committed an assault on a teenage girl in the fall of 2007.  (Ct. Rec. 435 at 6).  Plaintiffs also contend that the City Defendants' fraud, misrepresentation or misconduct justifies vacating the Court's summary judgment order. (Ct. Rec. 435 at 6).

The events that gave rise to the present action occurred on February 10, 2006, and Mr. Ross has not been a City employee since March of 2006.  The events giving rise to the Plaintiffs' second motion for reconsideration allegedly happened in the fall of 2007.

Even if the allegations asserted in this motion were before the Court for consideration at the time of the summary judgment hearing, it would not have resulted in a different outcome.  Allegations of a fall 2007 assault on a teenage girl by Mr. Ross would have had no effect on this Court's conclusions that a City policy or custom or the City's hiring, training or supervision program did not cause Ms. Doe to be subjected to an alleged sexual assault on February 10, 2006, the actions of the officers did not violate Plaintiffs' right to the equal protection under the law, the City did not know, nor should have known, that Defendant Ross would engage in sexual activity at the fire station on February 10, 2006, and the actions of the officers were not outrageous.  Accordingly, this later in time incident, even if

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 15

determined to be true, is not relevant to the facts of the present lawsuit.

Plaintiffs further argue that the City concealed the allegations of the fall 2007 assault on a teenage girl by Mr. Ross. (Ct. Rec. 435 at 6). However, the City does not represent Mr. Ross in this lawsuit. Nonetheless, based upon the information disclosed by Plaintiffs (Ct. Rec. 438), there has been no demonstrated fraud perpetrated by the City Defendants with respect to the allegations presented in this motion. Plaintiffs have not provided a valid basis for the Court to vacate its summary judgment order.

**CONCLUSION**

Upon reconsideration of its order, the Court determines that the undisputed facts demonstrate the actions of the officers were not in violation of Ms. Doe's right to equal protection and neither a City policy or custom, nor the City's hiring, training or supervision program caused Ms. Doe to be subjected to the alleged sexual assault, there has been no showing of a right to recovery on a claim of sexual exploitation of a minor based on the facts of this case, and Plaintiffs are not able to show more than negligence as a result of the officers' deletion of the digital photographs and mere negligence is not enough to establish outrage. Plaintiffs claim of a manifest injustice as a result of the aforementioned alleged errors is therefore without merit. Plaintiffs' second motion for reconsideration is equally unconvincing.

///

///

ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION - 16

The Court being fully advised, **IT IS HEREBY ORDERED**:

1.   Plaintiffs' First Motion for Reconsideration (**Ct. Rec. 425**) is **DENIED**.

2.   Plaintiffs' Second Motion for Reconsideration (**Ct. Rec. 435**) is **DENIED**.

3.   Plaintiffs' motion, under Rule 54(b), for the interlocutory appeal of this Court's order (Ct. Rec. 412) is **GRANTED**, but Plaintiff's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292 is **DENIED**.

4.   All pending motions in this matter, including the City Defendants' June 4, 2008 motion to Compel (**Ct. Rec. 195**), Plaintiffs' June 13, 2008 motion for a protective order (**Ct. Rec. 207**) and Plaintiffs' September 17, 2008 motion in limine (**Ct. Rec. 424**) are **DENIED WITHOUT PREJUDICE TO THEIR RENOTICE**.   Following a determination on the interlocutory appeal, counsel may renote the motions for hearing if they determine that the resolution of the motion is necessary.

**IT IS SO ORDERED.**   The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   16th   day of October, 2008.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge